IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TORI-ANN LENNOX, | § | |
| | § | No. 132, 2024 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CK18-01474 |
| SCOTT MICHAELS, | § | Petition No. 23-05920 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 8, 2024
Decided: January 7, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, the Court concludes that the judgment below should be affirmed on the basis of and for the reasons stated in the Family Court's opinion, dated February 28, 2024, granting the petition to modify custody. The appellant's disagreement with the Family Court's credibility determinations and factual findings is not a basis for reversal,[1] and her claim of judicial bias is not supported by the available record.[2]

---

[1] *Wife (J. F. V.), v. Husband (O. W. V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979) )("When the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before him, those findings of the Trial Judge will be approved upon review, and we will not substitute our opinion for that of the trier of fact.").

[2] *Los v. Los*, 595 A.2d 381, 384 (Del. 1991) (stating that disqualification on the basis of judicial bias "must stem from an extrajudicial course and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"). Because the appellant did

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is affirmed.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

not provide a transcript of the custody modification hearing, we are unable to review her claims of error arising from how that hearing was conducted. Supr. Ct. R. 14(e) (requiring that "the appellant's appendix ... contain such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion"); *Trioche v. State*, 525 A.2d 151, 154 (Del. 1987) (holding that the burden is on the appellant to produce parts of the trial transcript that are necessary to give the Court the ability to review his claims).